UNITED STATES v. NORTH PACIFIC WHARVES & TRADING CO. et al.

(First Division.  Juneau.  April 29, 1912.)

No. 834B.

1. MONOPOLIES (§ 31*)—INDICTMENT—CONSPIRACY IN RESTRAINT OF TRADE—CONTRACT.

Defendants are charged in the indictment with conspiracy to monopolize the coal business at Skagway, Alaska, and an actual monopolization thereof. On demurrer to the indictment, *held*, the facts charged in the indictment do not warrant an inference that the carrying out of an alleged agreement described in the indictment would in any way restrain trade, raise prices, or prevent any other person or persons from freely engaging in the coal business at Skagway. The indictment should state facts

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

from which it must be inferred that trade will be restrained or competition stifled. Demurrer sustained.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 20; Dec. Dig. § 31.*]

2. MONOPOLIES (§ 31*)—INDICTMENT—CONSPIRACY IN RESTRAINT OF TRADE.

The indictment must be tested, not by the general recitals and averments thereof, although in the words of the statute, but by the specific acts or particular facts which are alleged to have been actually done and committed by the accused. If the particular acts or facts charged do not, as a matter of law, constitute contracts, combinations, or conspiracies in restraint of trade and commerce among the several states, or a monopoly, or an attempt to monopolize any part of such trade and commerce, no amount of averments and allegations that the accused engaged in a combination and made contracts in restraint of such trade or commerce, or monopolized, or attempted to monopolize, the same, will avail to sustain the indictment. Whether the accused is charged with an offense is to be determined by the particular acts or facts set forth, and not by the conclusions of the pleader, although asserted in the words of the statute.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 20; Dec. Dig. § 31.*]

John Rustgard, Dist. Atty., of Juneau, for the United States.

Farrell, Kane & Stratton, of Seattle, Wash., Shackleford & Bayless, of Juneau, Ira Bronson, of Seattle, Wash., and Royal A. Gunnison, of Juneau, for the defendants.

LYONS, District Judge. The defendants are charged in the indictment by two counts of a conspiracy to monopolize the coal business at Skagway and an actual monopolization of the same; but the facts stated in the indictment are, in the judgment of the court, insufficient to show a conspiracy to restrain or an actual monopolization of the same.

The defendants have interposed substantially the same objections to the indictment and presented them in the same manner as in cause No. 836B (United States of America v. North Pacific Wharves & Trading Co., a Corporation, et al., 4 Alaska, 552); and by agreement between the counsel the court will treat the questions presented by the motion to quash as if raised by demurrer.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The indictment charges that the North Pacific Wharves & Trading Company was the owner of all the wharves at Skagway, excepting the Pacific Coast wharf, which was owned by the Pacific Coast Company; that the North Pacific Wharves & Trading Company entered into an agreement with the Pacific Coast Company whereby the latter agreed to close its wharf as a public wharf and to permit only the North Pacific Wharves & Trading Company, E. E. Billinghurst, and E. J. Shaw to use the same for storing purposes, in consideration whereof the North Pacific Wharves & Trading Company agreed to pay the Pacific Coast Company 25 cents per ton wharfage on all coal passing over the wharf owned by the North Pacific Wharves & Trading Company, and further agreed to ship all of its coal to or through Skagway on boats owned by the Pacific Coast Steamship Company, which is alleged to be a subsidiary corporation of the Pacific Coast Company.

The indictment does not allege that the price of coal or wharfage was to be raised in accordance with such agreement; nor does it charge that the wharfage facilities at Skagway would not permit the construction of other wharfs; nor does it allege that the Pacific Coast Company and the Pacific Coast Steamship Company would not convey coal for any other person who desired to ship to or deal in coal at Skagway.

The facts charged in the indictment do not warrant an inference that the carrying out of an alleged agreement described in the indictment would in any way restrain trade, raise prices, or prevent any other person or persons from freely engaging in the coal business at Skagway. The indictment should state facts from which it must be inferred that trade will be restrained or competition stifled. If every fact charged in the indictment were proved to a mathematical certainty, no jury or court would be warranted in saying that such a conspiracy would substantially restrain trade or would result in a monopolization of any particular business. It may be that the coal business at Skagway would not warrant the expenditures necessary to the maintenance of two public wharves. Such an inference would seem reasonable in the light of the

fact that no one else, according to the indictment, has seen fit to embark in the coal business at Skagway, for, under the facts stated in the indictment, the alleged conspiracy entered into by the defendants could not militate against successful competition in the coal business at Skagway, providing the demand were sufficient to warrant the embarkation in such business by any other individual or corporation.

"The terms 'restraint of trade' and 'attempts to monopolize,' as used in the Anti-Trust Act, had their origin in the common law, and were familiar in the law of this country prior to and at the time of the adoption of the act, and their meaning should be sought from the conceptions of both American and English law prior to the passage of the act." Standard Oil Co. v. United States, 221 U. S. 1, 31 Sup. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734; United States v. American Tobacco Co., 221 U. S. 106, 31 Sup. Ct. 632, 55 L. Ed. 663.

In re Greene (C. C.) 52 Fed. 104, at pages 111, 112, the court said:

"Under the principle established by those cases, the several counts of the present indictment must be tested, not by the general recitals and averments thereof, although in the words of the statute, but by the specific acts or particular facts, which are alleged to have been actually done and committed by the accused. If the particular acts or facts charged do not, as a matter of law, constitute contracts, combinations, or conspiracies in restraint of trade and commerce among the several states, or a monopoly or an attempt to monopolize any part of such trade and commerce, no amount of averments and allegations that the accused 'engaged in a combination' or 'made contracts in restraint' of such trade, or commerce, or 'monopolized,' or 'attempted to monopolize,' the same, will avail to sustain the indictment. Whether the accused is charged with an offense is to be determined by the particular acts or facts set forth, and not by the conclusions of the pleader, although asserted in the words of the statute. 'Every offense consists of certain acts done or omitted under certain circumstances, and, in the indictment for the offense, it is not sufficient to charge the accused generally with having committed the offense, but all the circumstances constituting the offense must be specifically set forth.' United States v. Cruikshank, 92 U. S. 542 [23 L. Ed. 588]."

In the same opinion the court further said on page 116 of 52 Fed.:

"In this acquisition and operation of the 70 distilleries, which enabled the accused or said distilling and cattle feeding company to influence and control the sale of 75 per cent. of the distillery products

of the country, it does not appear, nor is it alleged, that the persons from whom said distilleries were acquired were placed under any restraint, by contract or otherwise, which prevented them from continuing or re-engaging in such business. All other persons who chose to engage therein were at liberty to do so. The effort to control the products and manufacture of distillery products, by the enlargement and extension of business, was not an attempt to monopolize trade and commerce in such products within the meaning of the statute, and may therefore be left out of further consideration."

The language just quoted applies particularly to the facts in the case at bar, as the facts charged do not warrant the inference that the contract or alleged conspiracy entered into among the defendants in any manner imposed any restraint upon any of the parties thereto from engaging in the coal business at Skagway or in any manner tended to prevent any other person from engaging in such business.

For the reasons herein assigned, the demurrers to both counts of the indictment herein must be and they are hereby sustained. Let an order be entered in accordance herewith.